## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EARL R. ROBERTS, | CIVIL ACTION NO. |
| Plaintiff | SECTION: |
| vs | MAGISTRATE: |
| ACCOUNTS RECEIVABLE MANAGEMENT PROFESSIONAL SERVICES LLC, an Illinois LLC, and ALEX BRISCOE, aka MARCUS BRISCOE, an individual, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## CLASS ACTION COMPLAINT

NOW INTO COURT, Plaintiff, EARL R. ROBERTS (hereinafter referred to as "PLAINTIFF") by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.      PLAINTIFF brings this action on his own behalf and on the behalf of all others similarly situated for actual and statutory damages arising from DEFENDANTS' violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to the FDCPA, 15 U.S.C. § 1692 *et seq*., the TCPA, 47 U.S.C. § 227, and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in the Western District of Louisiana.

## PARTIES

4. PLAINTIFF is a natural person residing in Lafayette, Louisiana.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. ACCOUNTS RECEIVABLE MANAGEMENT PROFESSIONAL SERVICES LLC (hereinafter referred to as "ARMPRO") is an Illinois limited liability company, the principal purpose of whose business is the collection of debts.

8. ALEX BRISCOE, aka MARCUS BRISCOE (hereinafter referred to as "Mr. Briscoe") is the CEO of ARMPRO, and resides in or around Chicago, Illinois.

9. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another and that each DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

10. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11. On or before June 10, 2015, Mr. Alex Briscoe, with ARMPRO, began communicating with PLAINTIFF in an attempt to collect a consumer debt.

12. On or about June 10, 2015, PLAINTIFF notified DEFENDANT that he did not owe the alleged debt. A copy of PLAINTIFF's communication is attached hereto as **Exhibit 1**.

13. On or about June 12, 2015, Mr. Briscoe sent numerous emails to PLAINTIFF in an attempt to collect the consumer debt, attached hereto as **Exhibit 2**.

14. None of the communications disclose that the communications came from a debt collector.

15. During the June 12, 2015 email exchange, PLAINTIFF requested DEFENDANT stop contacting him via phone or email. *Id*.

16. DEFENDANT responded that it would continue all collection activities.

17. In or around July of 2015, DEFENDANTS credit reported the debt.

18. DEFENDANTS did not report that the debt is disputed.

19. As a result of the negative trade line, PLAINTIFF incurred a higher interest rate when he purchased a car.

20. DEFENDANTS never sent PLAINTIFF notice of his right to dispute and/or request validation pursuant to 15 U.S.C. § 1692g(a). See email from PLAINTIFF to DEFENDANT dated September 29, 2015, attached hereto as **Exhibit 3**.

21. On or about November 30, 2015, counsel for PLAINTIFF notified Mr. Briscoe that she represented PLAINTIFF regarding the debt and demanded that he and ARMPRO cease communicating with PLAINTIFF.

22. In this same communication, counsel for PLAINTIFF revoked any consent that PLAINTIFF may have previously provided to ARMPRO to call PLAINTIFF on his cellular phone.

23. On or about February 12, 2016, DEFENDANTS called PLAINTIFF on his cell phone in an attempt to collect an allegedly past due debt.

24. In this call, ARMPRO left an automated voice mail message on PLAINTIFF's cell phone.

25. PLAINTIFF is informed and believes and therefore alleges that PLAINTIFF and the class members are entitled to actual damages, statutory damages and may have also suffered damages in other ways and to other extents not presently known to PLAINTIFF, and not specified herein. PLAINTIFF reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial.

## CLASS ALLEGATIONS

26. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27. These claims for relief are brought by PLAINTIFF individually and on behalf of the following class:

   a. A class consisting of nationwide consumers who:
      i. Within one year prior to the filing of this action;
      ii. Received a communication from either DEFENDANT;
      iii. Which failed to conform to 15 U.S.C. § 1692e(11) in that it did not identify that the communication was from a debt collector.

   b. A class consisting of nationwide consumers who:
      i. Within one year prior to the filing of this action;
      ii. Received an initial communication from either DEFENDANT; and
      iii. Thereafter did not receive a notification informing the consumer of his or her 15 U.S.C. § 1692g(a) rights.

28. PLAINTIFF does not know the exact size or identities of the classes, as

DEFENDANTS maintain exclusive control of such information. PLAINTIFF believes that each class includes between 500 and 1,000 individuals whose identities can be readily determined from DEFENDANTS' business records. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

29. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class.

30. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

31. PLAINTIFF will fairly and adequately represent the class members' interests and has retained counsel who are qualified to pursue this litigation. PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits. PLAINTIFF's counsel, Keren E. Gesund, also has extensive experience in prosecuting FDCPA class actions.

32. PLAINTIFF is committed to vigorously pursuing his claims.

33. A class action regarding the issues in this case does not create any problems of manageability.

34. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C.§ 1692k. The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would also create the risk

of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

35. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(11) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER ONE

36. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 35 inclusive, above.

37. A debt collector is required to disclose in subsequent communications "that the communication is from a debt collector." 15 U.S.C. §1692e(11).

38. Mr. Briscoe had numerous email communications with PLAINTIFF in an attempt to collect a consumer debt. See Exhibits 1-3.

39. None of those communications notified PLAINTIFF "that the communication is from a debt collector." 15 U.S.C. §1692e(11).

40. Based on the large number of communications which do not contain the required disclosure, PLAINTIFF is informed and believes, and thereon alleges, that Mr. Briscoe regularly and intentionally makes communications with consumers without including this required disclosure.

41. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

6

42. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692g(a) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF CLASS NUMBER TWO

43. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 42 inclusive, above.

44. Within five days after its initial communication with a consumer, a debt collector must send a written notice to the consumer containing:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

45. On or before June 10, 2015, DEFENDANTS began communicating with PLAINTIFF in an attempt to collect a consumer debt.

46. However, DEFENDANTS never sent PLAINTIFF notice of his right to dispute and/or request validation pursuant to 15 U.S.C. § 1692g(a). See Ex. 3.

47. As a result of the FDCPA violations by DEFENDANTS, PLAINTIFF is entitled to an award of actual and statutory damages.

48. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

### THIRD CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692c(a)(2)
### BROUGHT BY PLAINTIFF

49. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 48 inclusive, above.

50. A debt collector is forbidden from communicating with a consumer after being notified that the consumer is represented by an attorney. 15 U.S.C. § 1692c(a)(2).

51. On or about November 30, 2015, counsel for PLAINTIFF notified Mr. Briscoe that she represented PLAINTIFF regarding the debt and demanded that he cease communicating with PLAINTIFF.

52. On or about February 12, 2016, ARMPRO called PLAINTIFF on his cell phone in an attempt to collect an allegedly past due debt.

53. By continuing to call PLAINTIFF after being notified of his representation, ARMPRO violated 15 U.S.C. § 1692c(a)(2).

54. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

55. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## **FOURTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS**

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692d AND g(b)**
**BROUGHT BY PLAINTIFF**

56. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 55 inclusive, above.

57. A debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

58. Further, "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed…the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment". 15 U.S.C. § 1692g(b).

59. Here, PLAINTIFF notified DEFENDANTS, within days of their initial communication, that he did not owe the debt. See Ex. 1.

60. DEFENDANTS, while claiming to "chas[e] down" PLAINTIFF'S documents never provided PLAINTIFF with any documents verifying the debt.

61. Instead, in or around July of 2015, DEFENDANTS credit reported the debt.

62. DEFENDANTS did not report that the debt is disputed.

63. As a result of the negative trade line, PLAINTIFF incurred a higher interest rate when he purchased a car.

64. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

65. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

### FIFTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d(8)**
**BROUGHT BY PLAINTIFF**

66. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 65 inclusive, above.

67. A debt collector is prohibited from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692d(8).

68. On or about June 10, 2015, PLAINTIFF notified DEFENDANT that he did not owe the alleged debt. See Ex. 1.

69. Nevertheless, in or around July of 2015, DEFENDANTS credit reported the debt.

70. DEFENDANTS did not report that the debt is disputed.

71. As a result of the negative trade line, PLAINTIFF incurred a higher interest rate when he purchased a car.

72. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

73. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## SIXTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d
### BROUGHT BY PLAINTIFF

74. PLAINTIFF repeats, re-alleges and incorporates by reference, paragraphs 1 through 73 inclusive, above.

75. A debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

76. During the June 12, 2015 email exchange, PLAINTIFF requested DEFENDANT stop contacting him via phone or email. *Id*.

77. DEFENDANT responded that it would continue all collection activities.

78. DEFENDANT did in fact continue to email PLAINTIFF in an attempt to collect the consumer debt.

79. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of actual and statutory damages.

80. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of himself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

///

///

///

## **SEVENTH CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS**

### VIOLATION OF THE TCPA 47 U.S.C. § 227(b)
### BROUGHT BY PLAINTIFF INDIVIDUALLY

81. PLAINTIFFS repeat, re-allege, and incorporate by reference, paragraphs 1 through 80 inclusive, above.

82. The TCPA provides the following:

> (1) It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> >
> > > […]
> >
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

47 U.S.C. § 227(b).

83. The TCPA defines an "automatic telephone dialing system" (also known as an "autodialer") as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers." 47 U.S.C. § 227(a)(1).

84. On or about November 30, 2015, counsel for PLAINTIFF revoked any consent that PLAINTIFF may have previously provided to call PLAINTIFF on his cellular phone.

85. On or about February 12, 2016, ARMPRO called PLAINTIFF on his cell phone at least one time.

86. In this call, ARMPRO left an automated voice mail message on PLAINTIFF's cell phone.

87. PLAINTIFF is informed, and thereon alleges, that ARMPRO used an automatic telephone dialing system to make this call.

88. PLAINTIFF alleges this because ARMPRO left an automated voice mail message, which is a hallmark of automatic telephone dialing system usage.

89. As a result of the TCPA violation by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

90. PLAINTIFF is informed, and thereon alleges, that ARMPRO violated the TCPA willfully.

91. Therefore, PLAINTIFF is entitled to treble damages, not to exceed $1500 per offending call, pursuant to pursuant to 47 U.S.C. § 227(b)(3).

## DEMAND FOR JURY TRIAL

92. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1) For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2) For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3) For statutory damages awarded to PLAINTIFF, not to exceed $1500, pursuant to pursuant to 47 U.S.C. § 227(b)(3);

(4) For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(5) For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7) For any and all other relief this Court may deem appropriate.

DATED this 21st day of April, 2016.

**GESUND AND PAILET, LLC**

*/s/ Keren E. Gesund, Esq.*
Keren E. Gesund, Esq.
Louisiana Bar No. 34397
3421 N. Causeway Blvd., Suite 805
Metairie, LA  70002
Tel: (504) 836-2888
Fax: (504) 265-9492
keren@gp-nola.com
Attorney for Plaintiff